No. 227048. Council, you may proceed. Thank you. Good morning, Your Honors. May it please the Court. My name is Nicole Heron, appearing on behalf of the appellate, Mr. Simpkins. I would like to focus today on the first issue raised in my brief that the government presented insufficient evidence to prove all of the elements of the offenses. Without exception, this Court applies de novo review to a sufficiency of the evidence claim where a defendant, like Mr. Simpkins, makes a general motion for judgment of acquittal. De novo review requires this Court to consider whether a reasonable jury could find guilt beyond a reasonable doubt. The government agrees that Mr. Simpkins' non-Indian status is an element under 1152. In addition, the government agrees that it failed to prove that element. Instead, the government makes a completely novel argument that somehow a mistake in the proposed jury instructions is invited error that relieves the government of its burden from proving every element of the offense beyond a reasonable doubt. Why is that novel? Why is that novel argument in light of the case law that the government extensively discusses, fairly recent? Your counsel submitted an instruction that said these are the elements under the statute and it doesn't include this element. It says to the Court, this is all you need. The Court gives its own instruction, but it does mimic that instruction. Why hasn't the defendant through those proposed instructions invited the Court to say these are the only elements? Of course, the government submits the same. Everybody agrees there's no other elements. Why isn't that exactly what invited error? So none of the cases that the government cited dealt with invited error with respect to a sufficiency of the evidence claim. All of the cases that the government relies on dealt with invited error with respect to sufficiency of the jury instructions. Sufficiency of the evidence under a Rule 29 motion is entirely different than sufficiency of jury instructions. They are completely separate parts of the trial and they're separated by completely different standards. And the United States Supreme Court said in the Masaccio case, the evidence should be measured against the elements of the offense, not against the jury instructions. Here, the government didn't even try to prove Mr. Simpkins' non-Indian status. Mr. Simpkins didn't invite that error. Mr. Simpkins submitted the proposed jury instructions to do exactly what proposed jury instructions do, to ask the Court to instruct the jury according to how he wrote the proposed instructions. Can a defendant waive an element of the offense, proof of that? I think it depends. I don't think that a defendant can waive an element of the offense in this case where we made a general Rule 29 motion. This Court has held that a general Rule 29 motion preserves every element of the offense. There was no waiver here because Mr. Simpkins did make a general Rule 29 motion. So Mr. Simpkins was asking the Court to decide whether the government proved every element of the offense. But that comes along late in the game. In other words, Mr. Simpkins has perhaps waived the element of his status by asking the Court, please instruct as follows and not objecting to the indictment. And so it would seem a little bit strange to me that a defendant could do that and then hold on to that in the back pocket until Rule 29 time and still have anything left. So because jury instructions and Rule 29 are completely separate, the Rule 29 motion happens before the jury instruction conference. And the Rule 29 motion, the purpose is just to evaluate whether the government proved their case. The purpose of the proposed instructions is to tell the Court how you want the jury to be instructed. It's not to tell the government what elements that needs to prove. And I see your point on that timing and that's a good point. But the instruction came, the proposed instruction came long before any instruction conference. Does that matter or not? I don't think that, I don't think that that matters. The proposed instruction came two months before the jury trial, but there's no indication in the record that anybody relied on the proposed instruction. In fact, it looks like from the record that nobody even knew that this was an element of the offense. The government submitted the same proposed instructions that didn't include the element and no one mentioned his non-Indian status. Mr. Simpkins testified and the government could have asked him whether he was Indian and they didn't. And it's because they didn't know it was an element of the offense. Nobody was trying to hide the ball. Nobody was trying to trick anybody. This isn't a case where invited error should apply. We've never said that you've to have invited error apply, have we? Never. No, but I think that this case is unique because this is something that nobody knew about. The government didn't know about it and Mr. Simpkins shouldn't wave a right and have to sit in prison for years because the government didn't know the elements of the offense whenever they decided what to charge him under and indict him and put him in prison. Can't we assume that when you made the Rule 29 motion, which as I recall was just like a one sentence, didn't meet the elements of the offense and you'd already submitted these proposed instructions as had the government saying these are the elements of the offense to the trial judge, that you and the trial judge assumed by that Rule 29 instruction that this particular element wasn't included? That doesn't matter. I mean it was general, but it was general in the sense that you didn't even know that it included or didn't believe that it included this element. And I agree that we should know that it was included, but it's not our job to tell the government that this is how they have to present their case, that this is what they have to prove. But isn't it when you propose a jury instruction to the court and says, I will accept this instruction and here's what I believe the elements are, the government proposes the same one, isn't that inviting the judge to say, I would take it that both counsel have researched this and know that these are the elements? No, that's not inviting the error. No, the judge has an obligation to know what the elements are. I understand that. I'm just asking if you invited the error. I'm not saying the judge doesn't have an obligation to do his or her own work, but did this mean that you, counsel, or your defendant's counsel invited the error here? No, we did not invite the error and I don't think that any court in the country has ever held that proposed jury instructions invite an error for a Rule 29 motion. The government certainly didn't cite any cases that say that and I'm sure they would have. So this would be very unique if this court held that this invited error. Let me make sure I understand the distinction you're making. You're saying that the defense didn't invite error on sufficiency of the evidence on the one hand. It did invite error on the jury instructions themselves though, correct? I think that one thing we have to keep in mind is that counsel only submitted jury instructions with respect to one of the counts. Well, the one count then. I mean, if you were to challenge the jury instruction instead of the sufficiency of the evidence, would you lose on the ground of invited error? I think that this court has held that proposed jury instructions can invite error for sufficiency of the jury instruction claims, but that is entirely separate. No, I understand. That's exactly what I'm asking. I'm trying to separate the sufficiency of the evidence from the sufficiency of the jury instructions and I'm at least understanding that you're agreeing with that. Yes. Does it matter that the government also omitted this element from its proposed jury instructions? Does that matter in terms of your argument this morning? I think that it's something the court can consider whenever they decide whether this was invited error because it shows that the government didn't know the element of the offense in the first place. And it just shows how unjust this is that they're able to file a charge and put someone in prison whenever they don't even know the elements of the offense are. Let me ask you this. If Mr. Simpkins, we were talking about Indian or non-Indian status. Yes. That's the element. If he were an Indian, could he have been charged under 1153 for the same offense? And if so, wouldn't he have been guilty under either 1152 or 1153? So does this get us to harmless error? No, because this court can't find harmless error because there was no evidence in the record at all that he was Indian either. There was no evidence that he was non-Indian just like there was no evidence that he was Indian. So we don't know if the government charged him under 1153 whether they could even prove that he was Indian. They have to prove, Prentiss has said, that it is an element of the offense that the government has to prove. And Mr. Simpkins has a right to be tried and convicted on every element of the offense. The Rule 29 issue, was this specifically part of that? I'm sorry. I'm looking at the transcript and it's kind of abrupt. Yes, Judge, we make a motion under Rule 29 for judgment of acquittal at the close of the government's evidence court. Okay, that motion is denied. The end. Yes, that is sufficient to preserve this, for this court to review de novo. Whenever a defendant makes a general motion for judgment of acquittal, this court reviews de novo and that means that this court has to decide whether a reasonable jury could find guilt beyond a reasonable doubt. Would the outcome be any different if it were under plain error? If it were under plain error, the court would have to apply the prongs of plain error. I still think that we would be entitled to relief under plain error, but I don't think we even get there because this was adequately preserved whenever the defendant made his general Rule 29 motion. That is, that is said a lot in this circuit, that a general Rule 29 motion preserves every element of the offense. And as the Massachio Court said, even one that's not been contested, is there any case like this one in that setting? The district court never knew any of this. If the district judge walked in right now, he would be astonished to learn that this was an issue because nobody ever alerted him. Right. Now, I'm not saying he didn't cut you off right there, but those words never came out to the district court, did they? They forgot an element. They forgot an element and that is not Mr. Simpkin's fault and that is not invited error. I'm just asking, did it? I'm not saying whose fault or what the effect is. It didn't come out. Correct, it didn't come out. Nobody knew that this was an element. There's nothing in the record that suggests that anybody knew. And I see I'm about out of time. If the court doesn't have any more questions right now, I'd like to reserve the remainder. Thank you, counsel. Thank you. May it please the court. Good morning, your honors. Lisa Williams, representing the United States of America. I think that I would like to start by raising a serious concern that the government has, which is there's a lot of talk about this was a mistake. This was inadvertent. The defendant wasn't laying in wait to spring this on the government. With all due respect, the record is entirely silent as to how we got to this stage in the proceeding. And it is not for this court to guess at how we got there. I would submit that if that's the argument, that is an argument that is properly made at the 2255 stage, where we can get attorney affidavits and the defense counsel can submit, I did overlook it, or this was a strategic decision that I consulted with my client with, and we decided to omit this from the jury instructions. But without that type of record, we don't know why this happened. But does it really matter? You have, counsel, let me just ask the question. You have a conviction and you don't have an essential element of the crime having been proved. The government didn't put on any evidence of an essential element. Is there any disagreement with that? No, there's not, your honor. Then why, why wouldn't we reverse? Because this court has never reversed in that situation when the counsel has proposed the jury instructions themselves. What do you do with Moustachio then? So Moustachio is easily distinguishable here. It's not a matter of, look, the court said the sufficiency doesn't depend on how the jury was instructed. And we said it in Wyatt. The framing of Moustachio is the government proved too much. And the Moustachio court is saying, listen, when we're going back and seeing if a defendant's constitutional rights have been infringed upon, if due process is at issue, we're not going to review it under the lens of what the government over-proved. We're going to view it as just what was proven in the case. So is the statement in Moustachio dicta? Is that what you're saying? Yes, your honor. I would submit that it is dicta. And do you know that in our court we have precedent that says we're supposed to follow Supreme Court dicta? I do understand that, except it cannot be applied to this situation because it is distinguishable. In this case, it's an under-proved- That's what makes it dicta. Well, but this court in Jarrah, as well as Haggerty, and Langford, and most recently, less than a year ago, Ortner, all found and upheld the convictions and did not order a new trial in these exact situations. There is a long- Was sufficiency at issue or was it instruction? Sufficiency was not at issue, your honor. And defense counsel began the argument by saying that this is a novel argument on the part of the government. I would counter that this is a novel argument on part of the defendant because the long line of cases that we've seen frame it as an instruction issue. And this is the first time that we've seen it framed as a sufficiency issue. But the sufficiency- How can the failure to prove an essential element of a crime be a novel argument? It seems pretty basic. It is a novel argument to ask this court to judge the sufficiency of the evidence by elements that the defendant expressly rejected and did not ask the government to prove before the trial court. The government mistakenly did the same thing. And the government's not appealing, your honor. The defendant is appealing their invited error. The government did the same thing. And that puts the invited error issue in context. You both made a mistake, and so did the district court. That's right, but that was the case in Jareb, your honor. Both parties- It wasn't a sufficiency case. It was an instruction case, though. It wasn't a sufficiency case. That's correct. So why can you rely on that when you've got Nassajia saying the question is whether there's sufficiency assuming the jury is properly instructed? How do you get around that? Because the defendant shouldn't be allowed an end run around the invited error. You didn't prove your case. The government proved the case that the defendant requested to be proved. No, you didn't prove an essential element of the case. And you've already agreed with that. US v. Prentiss, correct? That's correct, because the defendant did not request for that element to be proved. Or perhaps because the government didn't request for it. Or perhaps because of that, your honor. Your instructions didn't include it either. Whose fault is it? That's exactly right. Or the court didn't think- There were mistakes made at almost every point through this trial with respect to this case. But it's the government's mistake that gets things started by not putting it in the indictment. That's correct, too, your honor. And so you would expect that an instruction would deal with what had been charged. So it's not exactly a classic invited error thing either. And I don't understand why you don't come in and say, whoops, we screwed up. Now, what are we going to do about this? You seem to be taking a position that the defendant is the one in the black hat somehow. But you didn't charge the case correctly. You didn't prove your case. That's absolutely true, your honor. And frankly, I don't even want to spend that much time, although I have, on invited error. Because I think that the court can decide this under plain error. The government vehemently disagrees that de novo review applies here and has not found that. And it's this chain. You're absolutely right, your honor, that this was not included in the indictment. But this should have been dealt with by a Rule 12b objection to the indictment for not being sufficient, which must be filed absent good cause before trial. Then it was not raised with the jury instruction issue. And gee, the government should have submitted it with their own jury instructions. And they should have thought before it went about proving the case, what are the elements? Absolutely, your honor. Let's just assume. Let's just assume we're at plain error. Why wouldn't this be clear plain error when there's zero evidence on the Indian status of this defendant? Zero. This isn't Ortner where there was some saying he was an Indian that wasn't believable or there's nothing. Nobody put on any. Two answers. First of all, this court can consider the facts in the PSR. It's the totality of the record. And the government submits that when you look at the PSR and you look at the defendant's personal history and characteristics, you see that there's zero evidence. For the government to prove someone does not have Indian status, we have to prove a negative, which is always more difficult. Aren't we looking at ultimately on what would the jury have done? What would the jury have done? They didn't have the PSR. No, but this court can consider the totality of the record. And I don't have my briefing at the table with me, but I cite that in our brief. The case law that says that you can consider the facts in the PSR when determining status. And what there is, is there's no evidence in the PSR that this defendant has ever received benefits from a tribe, never been enrolled in a tribal school, never has any history of tribal ancestry in his record. So the government's first answer is there is some evidence. Facts in the PSR in applying a plain error approach to the failure of the government to put on any proof, we can consider what the jury would not have ever known, which is what's in the PSR. Is there authority saying that? Yes, Your Honor, and I really do apologize, but I did cite, because it is important. It's very important. And that case is cited in the government's brief. I consider the colloquy, right? If the PSR had said he went to tribal school, he's an enrolled tribal member, and he received benefits, the defendant would be able to stand up here and point to those facts in the PSR and say, my guy is Native American. He is an Indian, and he has status, and he was wrongly charged under the law. So just putting that insufficiency of the evidence terminology, am I hearing you say that the absence of evidence, that Mr. Simkin is Indian, would be sufficient for a reasonable jury to find that he's non-Indian? Well, that is, yes, Your Honor, and that is the only evidence the government would be able to submit at trial, because proving the negative requires us, we would have to probably call somebody from BIA to say, I checked the tribal records, and he's never been enrolled anywhere. Well, you can just ask, right? I mean, the question is just more to ask at trial about this. Well, keep in mind, we'd have to do this in the government's case in chief, and that's before the defendant testified, so we wouldn't have the opportunity to question the defendant. If it's an essential element of the offense, you'd want to do it in your case in chief. No, absolutely, but we can't ask the defendant in our case in chief when he's on the stand. Oh, I wasn't referring to the defendant. Why wouldn't there have been a stipulation, just as there was, as to the victim's Indian status? Absolutely could have been, Your Honor. That should have been what happened. Absolutely. It's not like there was any objection to that. No, and I think— This wasn't hard. This was not hard to prove non-Indian status. I assume, especially in the case when the defendant agrees to stipulate, it's absolutely not hard to prove. I can see that easily. Stipulation makes it not hard to prove. Yes. Stipulations. Stipulations make everything easier. Where are we on plain air? Are you focusing in on a particular prong? The third and fourth prong, Your Honor. OK. For this— I thought maybe that's where you were going. Why don't you do— So we would— First of all, the argument is that there is enough evidence, when looking at the PSR, that the outcome of the trial would not be different. That's the third prong. Would we expect to see that sort of evidence in the PSR? And if you went to tribal school, maybe. But that's not the probation officer's focus, as the report's being written. I think that it's fair that it would be there, Your Honor. Again, if he's treated at Bureau of Indian Affairs medical clinics, and there's a medical summary of— We know where he's living. We know where he's living. Yes. And that's on the reservation. Accounts for something. No, it does, although it's not sufficient by itself, because there is also the blood quantum requirement. But in addition to the third prong, we're also arguing the fourth prong. What is the blood quantum requirement? I know it differs by tribe. What with these two tribes that are involved? I don't know the specific blood quantum requirement for these tribes, Your Honor. The blood quantum test is some degree of Native American blood, and that's typically shown by bringing in a parent, grandparent, or direct blood— It can be as little as 1%, as I understand. I believe it can be even less, Your Honor. Okay. But that varies by tribe. The fourth prong, also, the government is arguing under plain error has not been met, and that's the overall fairness. This defendant committed the crime of sexual abuse of a minor and abuse of sexual contact. And Judge Matheson, your question, isn't he guilty under 1153? He is, because it's one or the other, because there aren't three statuses, right? You're either Indian or you're non-Indian. Couldn't you be acquitted of both? Could you have charged both, 1152 and 1153, alternatively? I believe that we could have, yes, Your Honor. And could a jury have come back and said, not guilty on either one? You didn't prove either one of them, beyond a reasonable doubt. Even though we accept he's one or the other, you didn't prove which one? Because of the other elements required, absolutely. Maybe they found it didn't take place in Indian country. Maybe they find that the victim didn't have Indian status. Maybe they find that the contact never happened. Absolutely. But on that element, he either is or he's not. But that doesn't ensure a conviction of one or the other, even if you charge them both. I think I would have to respectfully disagree, Your Honor, thinking of how it would be argued in closing order. If we're back in the jury room and we say, I don't know that the government proved that he's an Indian, the jury would be instructed, then you must find that, if you haven't found beyond a reasonable doubt that he's an Indian, you must find beyond a reasonable doubt that he is not an Indian. I think that's certainly an instruction that the trial court would be in its right to give. But I'm always happy to admit that I could be wrong on that. Can I ask you about prong four? I understand what you're saying. We have a horrible crime here, so forth, so on. But as far as the public perception and judicial integrity and all of that, isn't there a really strong counter-argument that the public would not be pleased or confidence might be shaken in our system that we have sent someone to prison for a lengthy stay without proof of all of the elements? No, because this man is guilty of the crime that he is charged with. He is either an Indian or non-Indian. And setting aside being able to prove that at trial, that is a fact. That is indisputable. He is either Indian or non-Indian. He has to be one of the two. And you don't necessarily have to have proven one or the two. You didn't prove it here. Why would we assume you would have proved it had he been charged? I mean, this is requiring a whole lot of steps in favor of the government here. Well, because of the way that plain error review operates, this court is allowed to make those steps, Your Honor. And in the final step, would we say, as Judge Phillips points out, how do we know they would have proved either one had he been charged with both? In the Ortner case, he was charged originally with 1153, and they dropped it. They charged him only with 1152. And I'm not sure that— And still didn't prove it. I mean, the government didn't, at least. And I was going to say, I'm not sure this court has to answer that question in order to uphold the conviction. Because, again, whether or not it would have been proved at trial is not the inquiry. The inquiry is whether or not there's a manifest injustice taking place. And there is not, because he is either Indian or non-Indian. And he is guilty of this offense. Is there any authority other than the White case from the Eighth Circuit saying that in that calculation, in analyzing the fourth prong, that we can look to a charge the government never made, but hadn't made it, we can assume he would have, you know— The White— That's a stretch. If I may, I see I'm out of time. I think it's only the Eighth Circuit in the White case. The Eighth Circuit, Your Honor, was the only case that I found. Although I would— Why Ortner is slightly different, I don't think it's different enough. And it is unpublished. Well, they made the argument in Ortner, but we didn't reach it. Correct. And I think that those two are the only cases really out there addressing the issue. Counsel, could I just ask you, if we reverse here, what happens next? I believe because it's a Rule 29, there's no new trial. It is a complete get-out-of-jail-free. And that goes to the manifest unjust prong. It is manifestly— Okay, I understand your answer. Thank you for your argument, and we'll hear some rebuttal. Thank you, Your Honor. I want to start by addressing the last question that was asked, whether it would be a get-out-of-jail-free card. The issue here is who has jurisdiction. If Mr. Simpkins is not an Indian, then the state of Oklahoma can prosecute him, as was decided under Castro Huerta. If he is an Indian, then the federal courts can prosecute him. But if this court reverses on the Rule 29, then it has to be dismissed, and he can't be re-prosecuted. So the issue is, what does the state think, or the government think, that they can prove in this case? It's not necessarily just a get-out-of-jail-free card. I also wanted to point out that you don't prove a negative by not proving anything at all. So the government is saying that this court can use the PSR to determine whether he was not Indian, because there's nothing in there that indicates that he is an Indian, that he's not an Indian. And you can't do that. You have to prove something. The government could have investigated it and had someone testify. They could have asked family members whether he was an Indian or not an Indian. They could have asked him. And they didn't do any of that. Ultimately, the government has the burden of proof. Everybody made a mistake. But the government is the one that chooses what charge to bring. And the government is the one with the burden of proof. And the government is the one that is held to the standard of proof beyond reasonable doubt. And Mr. Simpkins shouldn't sit in jail because of that, because of the government's mistake. If the court doesn't have any other questions. Thank you, counsel. That completes the arguments in U.S. v. Simpkins. The case will be submitted and counsel are excused.